IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


CHRISTOPHER SUCEVICH,                                No. 3:14-cv-02066-HZ

                 Plaintiff,                      OPINION & ORDER

    v.

COMMISSIONER SOCIAL
SECURITY ADMINISTRATION,

                 Defendant.


Merrill Schneider
Schneider Kerr Law Offices
P.O. Box 14490
Portland, OR 97293

        Attorney for Plaintiff

Janice E. Hebert
Assistant United States Attorney
U.S. Attorney's Office, District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR 97204

Sarah Elizabeth Moum
Social Security Administration
Office of the General Counsel
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104

      Attorneys for Defendant

HERNÁNDEZ, District Judge:

      Plaintiff Christopher Sucevich brings this action for judicial review of the

Commissioner's final decision denying his application for Disability Insurance Benefits (DIB)

under Title II of the Social Security Act. This Court has jurisdiction under 42 U.S.C. § 405(g)

(incorporated by 42 U.S.C. § 1382(c) (3)). For the reasons that follow, the Court affirms the

Commissioner's decision.

## PROCEDURAL BACKGROUND

      Plaintiff applied for DIB on December 2, 2013, alleging an onset date of December 1,

2012, which he subsequently amended to April 20, 2007. Tr. 134, 142.[1] His application was

denied initially and on reconsideration. Tr. 88, 94. On May 19, 2014, Plaintiff appeared, with

counsel, for a hearing before an Administrative Law Judge (ALJ). Tr. 32. On August 1, 2014, the

ALJ found Plaintiff not disabled. Tr. 27. The Appeals Council denied review. Tr. 1.

## FACTUAL BACKGROUND

      Plaintiff alleges disability based on post-traumatic stress disorder (PTSD), bipolar

disorder, depression, anxiety, and chronic leg pain. Tr. 163. Plaintiff was 25 years old at the time

of the administrative hearing. Tr. 39. He obtained his GED and completed "a couple of terms" of

---

[1] Citations to "Tr." refer to the page(s) indicated in the official transcript of the administrative record, filed herein as Docket No. 13.

college. Tr. 40-41. He has past work experience as a Private in the U.S. Army, sales associate, car washer, and warehouse worker. Tr. 165.

## SEQUENTIAL DISABILITY ANALYSIS

A claimant is disabled if unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). Disability claims are evaluated according to a five-step procedure. See, e.g., Valentine v. Comm'r, 574 F.3d 685, 689 (9th Cir. 2009). The claimant bears the ultimate burden of proving disability. Id.

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. 137 at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Yuckert, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. Yuckert, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity to perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can, the claimant is not disabled. If the claimant cannot

perform past relevant work, the burden shifts to the Commissioner. In step five, the Commissioner must establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets his burden and proves that the claimant is able to perform other work which exists in the national economy, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ DECISION

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since April 20, 2007, the alleged onset date. Tr. 19. Next, at steps two and three, the ALJ determined that Plaintiff had the severe impairments of PTSD, anxiety, substance abuse, and a one-time substance-induced complaint of asthma. Tr. 20. At step four, the ALJ concluded that, through the date last insured, Plaintiff had the following residual functional capacity:

> [He can] perform a full range of work at all exertional levels but with the following nonexertional limitations: The claimant can remember and understand instructions for SVP 1 or 2 type jobs. No public contact. However, he can work near co-workers but no team work and only superficial contact to do the tasks assigned. Lastly, he must avoid smoke, fumes, dust, gasses and other pulmonary irritants.

Tr. 22. With this residual functional capacity, the ALJ determined that Plaintiff was not capable of performing past relevant work. Tr. 25. At step five, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as hand packager and laundry worker. Tr. 26.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence" means "more than a mere scintilla, but less than a

preponderance." <u>Bray v. Comm'r of Soc. Sec. Admin.</u>, 554 F.3d 1219, 1222 (9th Cir. 2009)

(quoting <u>Andrews v. Shalala</u>, 53 F.3d 1035, 1039 (9th Cir. 1995)). It is "such relevant evidence

as a reasonable mind might accept as adequate to support a conclusion." <u>Id.</u>

     The court must weigh the evidence that supports and detracts from the ALJ's conclusion.

<u>Lingenfelter v. Astrue</u>, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing <u>Reddick v. Chater</u>, 157 F.3d

715, 720 (9th Cir. 1998)). The reviewing court may not substitute its judgment for that of the

Commissioner. <u>Id.</u> (citing <u>Robbins v. Soc. Sec. Admin.</u>, 466 F.3d 880, 882 (9th Cir. 2006)); <u>see

also</u> <u>Edlund v. Massanari</u>, 253 F.3d 1152, 1156 (9th Cir. 2001). Variable interpretations of the

evidence are insignificant if the Commissioner's interpretation is a rational reading. <u>Id.</u>; <u>see also</u>

<u>Batson</u>, 359 F.3d at 1193. However, the court cannot not rely upon reasoning the ALJ did not

assert in affirming the ALJ's findings. <u>Bray</u>, 554 F.3d at 1225-26 (citing <u>SEC v. Chenery Corp.</u>,

332 U.S. 194, 196 (1947)).

## DISCUSSION

     Plaintiff contends that the ALJ erred by (1) failing to give persuasive and valid reasons

for rejecting Plaintiff's VA Rating Decision, (2) failing to provide a function-by-function

assessment of Plaintiff's mental limitations in the residual functional capacity analysis, and (3)

not calling upon the services of a medical expert.

I.    Veterans Affairs Disability Rating

     Plaintiff argues that the ALJ improperly rejected his Veterans Affairs (VA) disability

rating. "An ALJ must ordinarily give great weight to a VA determination of disability."

<u>McCartey v. Massanari</u>, 298 F.3d 1072, 1076 (9th Cir. 2002) (reversing a denial of benefits

because the ALJ "failed to consider the VA finding and did not mention it in his opinion"). This

is because there is a "marked similarity" between the two programs. <u>Id.</u> However, the two

programs are not identical and the VA renders determinations of disability based on criteria distinct from those of the Agency. Id. Therefore, while the ALJ is required to consider a VA rating, the ALJ may "give less weight to a VA disability rating if he gives persuasive, specific, valid reasons for doing so that are supported by the record." Valentine, 574 F.3d at 695.

On May 19, 2014, the VA found that Plaintiff had a combined service-connected disability of 80 percent as of January 1, 2014. Tr. 655. The letter from the VA states that Plaintiff is "being paid at the 100 percent rate" because he is "unemployable" due to his service-connected disabilities. Id.

The ALJ provided the following reasons for giving little weight to the VA disability rating letter: (1) the letter does not  indicate the commencement date of disability, (2) neither the letter nor the record reflects what Plaintiff's specific impairments are that support the award, (3) the letter does not contain an explanation for why Plaintiff is "unemployable," (4) neither the letter nor the record contains evidence that the severity of Plaintiff's impairments existed on or before his date-last-insured, and (5) the letter does not discuss the impact of Plaintiff's heroin and alcohol abuse. Tr. 24.

The VA letter indicates that the effective date of Plaintiff's award was January 1, 2014, but does not provide any information as to when Plaintiff's disability began. Tr. 655. The letter provides no basis for concluding that Plaintiff had disabling impairments prior to his date-last-insured, September 30, 2010, which was almost four years before the letter was issued. The lack of a disability commencement date and the issuance of the VA letter four years after the date-last-insured are valid reasons to discount the weight given to the letter. See, e.g., Ferguson v. Astrue, 270 F. App'x 563, 564-65 (9th Cir. 2008) (fact that VA issued both of its ratings decisions after the date-last-insured supported ALJ decision to assign less weight to the ratings).

There is also no evidence in the record or the letter to establish that the severity of Plaintiff's impairments existed on or before his date-last-insured. The chart notes and doctors' opinions that Plaintiff cites from the record merely bolster the assertion that Plaintiff suffers from PTSD. See Tr. 361-63, 633, 641, 644-46, 648. They do not, however, establish the severity of Plaintiff's symptoms such that they would provide an explanation for the VA's disability rating.

In addition, the ALJ properly disregarded the VA disability rating based on a lack of explanation for why Plaintiff was deemed "unemployable." Plaintiff points to the opinions of two examining physicians, contending that they explain why Plaintiff was unemployable; however, neither opinion is persuasive. In April 2010, Daniel Scharf, Ph.D., diagnosed Plaintiff with PTSD and wrote:

> He is suffering from post traumatic stress disorder caused by his combat experiences in Iraq. He is reporting moderate occupational impairment from post traumatic stress disorder, in that he is anxious in work situations. He is reporting moderate social impairment, in that he is quite distant from others. He is reporting significant difficulties with depression, along with suicidal ideation. His depression is secondary to post traumatic stress disorder.

Tr. 363. This narrative does not state that Plaintiff is unemployable, nor does it explain the VA's disability determination. The opinion of Ruth Leibowitz, Ph.D. is similarly unhelpful. Tr. 338. Dr. Leibowitz opined that Plaintiff "was sufficiently impaired as to be unable to hold a job" when she met him in July 2011, almost a year after Plaintiff's date-last-insured. Tr. 337. However, she noted that she could not differentiate Plaintiff's impairments from PTSD from those impairments caused by substance abuse. Id. Dr. Leibowitz opined that Plaintiff would most likely be able to work, despite his PTSD, if he addressed his substance abuse. Tr. 337-38. Her opinion, therefore, does not establish that Plaintiff was unemployable before September 30,

2010. The absence of support in the record for the VA's determination that Plaintiff was unemployable is a valid reason to assign little weight to the VA's disability rating.

The ALJ also found that the record fails to reflect which of Plaintiff's impairments justify the award. Plaintiff correctly points out that the record does, in fact, indicate that the VA's disability rating is based on a 70% rating for PTSD and a 20% rating for "lumbosacral or cervical strain." Tr. 336. However, to the extent the ALJ erred by failing to find this information in the record, such error was harmless because the ALJ addressed Plaintiff's allegations of PTSD and physical impairments. The ALJ concurred that Plaintiff's PTSD is a severe impairment, Tr. 20, and provided substantial evidence for determining that Plaintiff could perform a full range of work at all exertional levels, despite any physical limitations, Tr. 24.

Finally, the ALJ discounted the letter because the VA did not discuss the impact of Plaintiff's heroin and alcohol use, even though the record reflects that such use was ongoing prior to Plaintiff's date-last-insured. The Court does not reach this issue because, even if the ALJ erred in discounting the letter for this reason, the ALJ provided the other specific, valid, and persuasive reasons discussed above to support his decision. In light of the entire record and the reasons provided by the ALJ, it was reasonable for the ALJ to give little weight to the 2014 VA rating decision. Therefore, the ALJ's rejection of the VA disability rating is upheld.

II.    RFC

Plaintiff contends that the ALJ improperly assessed Plaintiff's residual functional capacity (RFC) by failing to provide a "function by function" assessment of Plaintiff's limitations resulting from his mental impairments. Plaintiff contends that the ALJ did not account for Plaintiff's symptoms of hypervigilance and an exaggerated startled response, which were noted by Dr. Scharf. See Tr. 363. In addition, Plaintiff argues that the ALJ should have

included limitations on Plaintiff's ability to work in proximity of coworkers and adapt to changes in a routine work setting.

The ALJ is responsible for translating and incorporating clinical findings into a succinct RFC. Rounds v. Comm'r Soc. Sec. Admin., 807 F.3d 996, 1005-06 (9th Cir. 2015) (citing Stubbs–Danielson v. Astrue, 539 F.3d 1169, 1174 (9th Cir. 2008)). When the evidence before the ALJ is subject to more than one rational interpretation, the Court must defer to the ALJ's conclusion. Batson, 359 F.3d at 1198.

Here, the ALJ considered the medical evidence in the record and crafted an RFC that limits Plaintiff to SVP[2] 1 or 2 type jobs without public contact or team work, and states that Plaintiff can work near coworkers but can only have superficial contact to do the tasks assigned. Tr. 22. While Plaintiff argues that the ALJ should have further limited Plaintiff's ability to work near coworkers and adapt to changes, Plaintiff does not point to any evidence in the record that supports such a limitation. Although Dr. Scharf wrote that Plaintiff "endorsed symptoms of hypervigilance and an exaggerated startle response," he did not establish any work-related limitations as a result of these impairments. Tr. 363. Furthermore, Dr. Scharf's notes regarding these symptoms were based upon Plaintiff's subjective reports, which the ALJ found not credible.[3] In sum, there is no evidence that the ALJ omitted any limitations that should have been included in the RFC.

///

---

[2] The Dictionary of Occupational Titles lists a specific vocational preparation (SVP) time for each described occupation. Using the skill level definitions in 20 CFR § 404.1568 and § 416.968, unskilled work corresponds to an SVP of 1-2. Policy Interpretation Ruling : Titles II & Xvi: Use of Vocational Expert & Vocational Specialist Evidence, & Other Reliable Occupational Info. in Disability Decisions, SSR 00-4P (S.S.A. Dec. 4, 2000).
[3] Plaintiff does not challenge the ALJ's credibility finding.

III.    Medical Expert

Plaintiff contends that the ALJ had a duty to obtain the opinion of a medical advisor to determine the functional limitations resulting from Plaintiff's impairments during the relevant period. The Court disagrees.

Social Security regulations provide that the ALJ will "assess [a claimant's] residual functional capacity based on all of the relevant medical and other evidence." 20 C.F.R. § 404.1545. The claimant is "responsible for providing the evidence [the ALJ] will use to make a finding about [the claimant's] residual functional capacity." Id. Before making a determination that the claimant is not disabled, the agency is responsible for developing a claimant's complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help the claimant get medical reports from his or her own medical sources. Id. Plaintiff makes no argument that the Commissioner failed to comply with the regulations.

Instead, Plaintiff argues that the ALJ was required by Social Security Ruling 83–20 to employ the services of a medical expert to establish the onset date of his disability. As explained in Armstrong v. Comm'r, 160 F.3d 587, 590 (9th Cir. 1998), an ALJ must call a medical expert where the onset date of the disability is unclear. But that requirement only applies where a claimant has been found disabled at some time. See id.; see also Sam v. Astrue, 550 F.3d 808, 809 (9th Cir. 2008) (holding that "SSR 83–20 does not require a medical expert where the ALJ explicitly finds that the claimant has never been disabled"). Here, the ALJ did not find that Plaintiff was disabled at any time, and he found that Plaintiff had not been disabled through the date he was last insured. Therefore, the ALJ was not required to call a medical expert. See Lair– Del Rio v. Astrue, 380 F. App'x. 694, 696–97, 2010 WL 2170996 (9th Cir. May 28, 2010)

(noting that burden of proof remains with claimant to prove disability before expiration of disability insured status, and holding that ALJ did not err in not using a medical expert to determine disability onset where plaintiff was not disabled at any time).

Plaintiff also argues that the ALJ should have identified a medical opinion supporting the RFC assessment. Plaintiff points to the opinions of state agency psychologists Dorothy Anderson, Ph.D., and Irmgard E. Friedburg, Ph.D., who opined that there was insufficient evidence to evaluate the claim. Tr. 79, 193. However, the ALJ did consider the medical opinion of VA mental health physician Dr. Scharf, whose evaluation of Plaintiff was conducted within the relevant time frame, as well as all of the other submitted evidence. The ALJ crafted an RFC in accordance with the Social Security regulations' requirements that an RFC be "based on all of the relevant medical and other evidence." 20 C.F.R. § 404.1545(a)(3). The Court finds no error.

## CONCLUSION

Based on the foregoing, the Commissioner's decision is affirmed.

IT IS SO ORDERED.

Dated this _____ 17 _____ day of _____ Feb _____, 2016

_____
MARCO A. HERNÁNDEZ
United States District Judge

11 - OPINION & ORDER